| | |
|---|---|
| MASSACHUSETTS LOBSTERMEN'S ASSOCIATION, INC., <br><br> Plaintiff, <br><br> vs. <br><br> GINA RAIMONDO, in her official capacity as Secretary, U.S. Department of Commerce, *et al.*, <br><br> Defendants. | Civil Action No. 1:24-cv-10332 <br><br><br> Hon. William G. Young |

## <u>MOTION FOR LEAVE TO FILE BRIEF AS AMICUS CURIAE AND SUPPORTING DECLARATION</u>

Pursuant to Federal Rule of Civil Procedure 7(b), the Office of the Massachusetts Attorney General, on behalf of the Massachusetts Division of Marine Fisheries, respectfully requests leave to file the proposed brief as amicus curiae and supporting declaration, submitted herewith, in support of Defendants Gina Raimondo, Janet Coit, and the National Marine Fisheries Service's ("Federal Defendants") opposition, Docket 22 ("Opposition"), to Plaintiff Massachusetts Lobstermen's Association's Motion for a Temporary Restraining Order, Preliminary Injunction, and Stay, Docket 3 ("Motion"). As explained briefly below and more fully in the proposed amicus brief, the Massachusetts Division of Marine Fisheries ("DMF") has a significant interest in the outcome of this case and believes that the proposed amicus brief will assist the Court in assessing the public interest in granting or denying the Plaintiff's Motion. In further support of this motion, DMF declares as follows:

1.    District Courts have wide discretion to grant leave to participate as amicus curiae. *See Strasser v. Doorley*, 432 F.2d 567, 569 (1st Cir. 1970). "The role of an *amicus curiae*, meaning friend of the court, is to assist the court in cases of general public interest by making suggestions to the court, by providing supplementary assistance to existing counsel, and by [e]nsuring a complete and plenary presentation of difficult issues so that the court may reach a proper decision." *Students for Fair Admissions, Inc. v. President & Fellows of Harvard Coll.*, 308 F.R.D. 39, 52 (D. Mass. 2015) (internal quotation marks omitted), *aff'd*, 807 F.3d 472 (1st Cir. 2015). Where an "amicus has a special interest that justifies his having a say," as the Commonwealth has here, a motion for leave to file an amicus brief should be granted. *Strasser*, 432 F.2d at 569. Indeed, because of the unique role that States play, both the Federal Rules of Appellate Procedure and the Rules of the Supreme Court provide that States may file amicus briefs without the consent of parties or leave of court. *See* Fed. R. App. P. 29(a)(2); S. Ct. R. 37(4) (no motion for leave to file amicus required "on behalf of a State [or] Commonwealth . . . when submitted by its Attorney General").

2.    This case involves a challenge by the Plaintiff to the Federal Defendants' rule that closes a portion of federal waters off the Massachusetts coast known as the "Wedge" to lobster and Jonah crab fishing each year from February 1 through April 30 ("Final Rule"). *See* 89 Fed. Reg. 8333 (Feb. 7, 2024). This year, the seasonal Wedge closure commences on March 8, 2024, when the Final Rule becomes effective. *Id*. The Final Rule seasonally closes the Wedge each year to reduce the risk of injury or mortality to the critically endangered North Atlantic right whale ("Right Whale") from entanglement in vertical buoy lines in the water column from lobster trap and pot gear and Jonah crab fixed fishing gear. *Id*.

3. For the reasons discussed in detail in the proposed amicus brief, DMF has an interest in the Final Rule and can provide context and background information to assist the Court is assessing the public interest in granting or denying the Plaintiff's Motion. Specifically:

   a. Right whales are one of the most critically endangered marine mammals on the planet. *See* Declaration of Daniel J. McKiernan, Director of Massachusetts Division of Marine Fisheries ("McKiernan Decl."), ¶ 2, Exhibit 1 to the proposed amicus brief ("Ex. 1"). Massachusetts coastal waters, especially state waters in and around Cape Cod Bay have a distinct and unique importance as critical habitat for Right Whales as part of their migratory pattern. *Id.* Every winter and spring from early February though late April or early May, large numbers of Right Whales congregate in and around Cape Cod Bay to feed on plentiful concentrations of zooplankton. *Id.*, ¶¶ 2, 5.

   b. DMF has been at the forefront of Right Whale protection, including efforts to enhance lobster trap and pot fishing regulatory requirements to prevent and mitigate the risk of harm to Right Whales from entanglement in vertical buoy lines from lobster trap and pot fishing gear. *Id.*, ¶¶ 3, 4.

   c. To prevent Right Whale entanglement risk, DMF has for the past several years advocated for the Final Rule to annually close a large gap in federal waters resulting from the Wedge remaining open from February through April while surrounding Massachusetts state and federal waters have been closed to lobster and Jonah crab fishing. *See, generally, id.*, ¶¶ 5 - 15.

   d. Finally, leaving the Wedge seasonally open to lobster and Jonah crab fishing in the winter and spring would not only increase the risk of fatal Right Whale

entanglements, but would also hinder and burden DMF Right Whale conservation programs and enforcement efforts. *See id.*, ¶¶ 16 - 18.

4.    In sum, DMF has a strong interest in the case and the proposed amicus brief will assist that court in assessing the public interest in denying the Plaintiff's Motion.

5.    Undersigned counsel for DMF's proposed amicus brief has conferred by email with counsel for each party pursuant to Local Rule 7.1(A)(2). Counsel for the Federal Defendants have stated that they do not oppose DMF's motion to appear as amici curiae. *See infra*, Local Rule 7.1(a)(2) Certification. Counsel for the Plaintiff indicated an intent to oppose DMF's motion to appear as amici curiae and proposed amicus brief supported by the McKiernan Declaration, "largely because [the amicus brief] will be a factual brief and this is an APA action on the Administrative Record." *See id.* The facts in the McKiernan Declaration, however, are predominantly cited in the Final Rule and included in the Administrative Record. To the extent that the McKiernan Declaration introduces information not cited in the Record, it is offered solely to demonstrate the public interest in denying the extraordinary and drastic relief sought in Plaintiff's Motion, *Peoples Federal Sav. Bank v. People's United Bank*, 672 F.3d 1, 8-9 (1st Cir. 2012), including adverse impacts to DMF's Right Whale conservation programs and enforcement efforts were the Wedge to remain open. Nothing in the McKiernan Declaration is offered to supplement the Record for use in summary judgment briefing on the merits of Plaintiff's claims in this action. Indeed, both the Plaintiff and the Federal Defendants cite extra-record evidence—not considered by NMFS when developing, proposing, or finalizing the Final Rule—in support of arguments concerning the balance of harms and public interest in granting or denying Plaintiff's Motion. *See* Plaintiff's brief in support of their Motion, Docket 2-1, at 32, apparently referencing their supporting Casoni Declaration, Docket. 1-1, Ex. G. (evidencing a

*single day* of aerial survey data on January 9, 2024, that found no Right Whales present in *Cape Cod Bay,* and, at best, in a thin sliver of the Wedge); *see* Federal Defendants' opposition, Docket 22, at 20, citing the Coogan Declaration, ¶ 4 (noting the dead Right Whale washed ashore on Martha's Vineyard in January, 2024, entangled in lobster trap or pot buoy line consistent with that licensed by Maine).

6.    Thus, despite the Plaintiff's stated intent to oppose this motion for the Commonwealth to appear as amici curiae, *see infra*, Local Rule 7.1(a)(2) Certification, the Court's acceptance of the Commonwealth's proposed amicus brief will not prejudice any party. The proposed amicus brief is filed in advance of the hearing on Plaintiff's motion, which has not yet been scheduled (as of 11:00am on February 27, 2024).

        For the foregoing reasons, the Commonwealth respectfully requests that this Court grant this motion and accept for filing the proposed amicus brief, submitted herewith.

Respectfully submitted,

MASSACHUSETTS DIVISION
OF MARINE FISHERIES

By its Attorney:

ANDREA JOY CAMPBELL
MASSACHUSETTS ATTORNEY GENERAL

 */ s / Matthew Ireland*

MATTHEW IRELAND, BBO No. 554868
Assistant Attorney General
Environmental Protection Division
JAMES A. SWEENEY, BBO No. 543636
*State Trial Counsel*
Office of Attorney General
One Ashburton Place, 18th Floor  Boston,
MA 02108-1598
(617) 727-2200
matthew.ireland@mass.gov

February 27, 2024

## LOCAL RULE 7.1(A)(2) CERTIFICATION

I hereby certify that on February 22, 2024, I conferred by email with counsel for Plaintiff Massachusetts Lobstermen's Association and with counsel for the Federal Defendants. By e-mail on February 22, 2024, counsel for the Federal Defendants indicated that the Federal Defendants would not oppose the Massachusetts Division of Marine Fisheries' motion for leave to appear as amicus curiae in this action. By email on February 23, 2024, counsel for the Plaintiff indicated that the Plaintiff intends to oppose the Massachusetts Division of Marine Fisheries' motion for leave to appear as amicus curiae in this action and the Division of Marine Fisheries' proposed amicus brief supported by the McKiernan Declaration "largely because [the amicus brief] will be a factual brief and this is an APA action on the Administrative Record."

 / s / Matthew Ireland
Matthew Ireland

## CERTIFICATE OF SERVICE

I, Matthew Ireland, certify that the foregoing DMF *Motion For Leave To File Brief As Amicus Curiae And Supporting Declaration*, which was filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

 / s / Matthew Ireland
Matthew Ireland

# EXHIBIT 1

**[Proposed]** *Brief of the Commonwealth of Massachusetts as Amicus Curiae in Support of Defendants' Opposition to the Plaintiff's Motion for a Temporary Restraining Order, Preliminary Injunction, and Stay*

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

MASSACHUSETTS LOBSTERMEN'S
ASSOCIATION, INC.,

               Plaintiff,

   vs.

GINA RAIMONDO, in her official capacity as
Secretary, U.S. Department of Commerce, *et al.*,

            Defendants.

Civil Action No. 1:24-cv-10332

Hon. William G. Young

---

**BRIEF OF THE MASSACHUSETTS DIVISION OF MARINE FISHERIES AS AMICUS
CURIAE IN SUPPORT OF DEFENDANTS' OPPOSITION TO MOTION FOR
TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND STAY**

ANDREA JOY CAMPBELL

MASSACHUSETTS ATTORNEY GENERAL

MATTHEW IRELAND, BBO No. 554868
*Assistant Attorney General*
Environmental Protection Division
JAMES A. SWEENEY, BBO No. 543636
*State Trial Counsel*
Office of Attorney General
One Ashburton Place, 18th Floor
Boston, MA 02108-1598
(617) 727-2200
matthew.ireland@mass.gov

*Counsel for amicus curiae*
*Massachusetts Division of Marine Fisheries*

February 27, 2024

# Table of Contents

INTRODUCTION AND INTERESTS OF AMICI CURIAE MASSACHUSETTS DIVISION OF MARINE FISHERIES ....................................................................1

ARGUMENT ................................................................................................2

  I.  Standard of Review..............................................................................2

II.  The Public Interest Favors Denying the Plaintiff's Motion to Enjoin and Stay the Temporary Seasonal Wedge Closure...............................................2

    A.  DMF has a strong interest in and has devoted significant resources to preventing and mitigating harm from fishing gear entanglement to Right Whales that congregate seasonally in and around Cape Cod Bay......................3

    B.  For several years, DMF has advocated for and supported seasonal closure of the Wedge because of Right Whale presence and entanglement risk. ...........5

    C.  Granting the Plaintiff's motion to enjoin and stay the Final Rule would increase the risk of lethal Right Whale entanglements and impede DMF Right Whale conservation and enforcement efforts. ....................................................6

CONCLUSION .............................................................................................9

# Table of Authorities

## Cases

*Bourgoin v. Sebelius*, 928 F. Supp.2d 258 (D. Me. 2013).............................................................. 2

*Coquico, Inc. v. Rodríguez-Miranda*, 562 F.3d 62 (1st Cir. 2009) ................................................ 2

*Peoples Federal Sav. Bank v. People's United Bank*, 672 F.3d 1 (1st Cir. 2012)……………...2, 3

## Regulations

322 Code Mass. Reg. 12.04(2) ……………….……………..…………………………………….4, 5

322 Code Mass. Regs 12.06(2)(a)(b)……..…………..…...………………………………..……..4

322 Code Mass. Reg. 12.06(2)(c) ........................................................................................... 8

50 Code of Fed. Reg. 229.32(b)...……………………………….……………………..…...8

## Other Authorities

"Final Rule," 89 Fed. Reg. 8333 (Feb. 7, 2024)…………………………………………*passim*

D. Mass. Local Rule 7.1(A)(2) ........................................................................................ 3, 10

## INTRODUCTION AND INTERESTS OF AMICI CURIAE
## MASSACHUSETTS DIVISION OF MARINE FISHERIES

The Massachusetts Attorney General submits this brief on behalf of the Division of

Marine Fisheries ("DMF") of the Commonwealth of Massachusetts ("Commonwealth"), as

amicus curiae, in support of the Defendants Gina Raimondo, Janet Coit, and the National Marine

Fisheries Service's ("Federal Defendants") opposition to plaintiff Massachusetts Lobstermen's

Association's Motion for a Temporary Restraining Order, Preliminary Injunction, and Stay.

Docket 3 ("Motion"). The Plaintiff brings this action to challenge the Federal Defendants' rule

that temporarily closes a narrow portion of federal waters off the Massachusetts coast known as

the "Wedge" to lobster and Jonah crab fishing each year from February 1 through April 30 to

prevent entanglements of Northern Right Whales during their seasonal migration ("Final Rule").

*See* 89 Fed. Reg. 8333 (Feb. 7, 2024). The Wedge covers an area of approximately 200 square

miles of federal waters between Massachusetts state and other federal waters that are already

annually closed to lobster and Jonah crab fishing during this limited period. *Id.*[1] This year, the

seasonal Wedge closure commences on March 8, 2024, when the Final Rule becomes effective.

*Id.*

For the reasons discussed in detail below, DMF has a strong interest in closing the Wedge

to fixed fishing gear utilizing vertical buoy lines every year during the limited period from

February through April to prevent entanglement risk during Right Whale's seasonal migration.

For that reason, DMF advocated for the Final Rule and its predecessors to annually close the

---

[1] *See* Figure 1, 89 Fed. Reg. at 8336 (map depicting the open Wedge area surrounded by Massachusetts and federal waters in the Massachusetts Restricted Area closed to lobster and Jonah crab fixed gear, trap and pot fishing each winter and spring). Citations herein are primarily to the Final Rule, rather than to the administrative record ("Record").

Wedge from February through April while surrounding Massachusetts state and federal waters have been closed to lobster and Jonah crab fishing.

DMF submits this amicus brief to explain its interest in the Final Rule's Wedge closure and to help the Court assess the public interest in denying the Plaintiff's Motion.

# ARGUMENT

## I.  Standard of Review

Injunctive relief is an extraordinary and drastic remedy that is never awarded as of right. *Peoples Federal Sav. Bank v. People's United Bank*, 672 F.3d 1, 8-9 (1st Cir. 2012). In order to obtain either a temporary restraining order or a preliminarily injunction,[2] a plaintiff has the burden to satisfy four requirements: 1) the likelihood that the movant will succeed on the merits; 2) the possibility that, without an injunction, the movant will suffer irreparable harm; 3) the balance of relevant hardships between the parties favors relief; and 4) the effect of the court's ruling on the public interest. *Coquico, Inc. v. Rodríguez-Miranda*, 562 F.3d 62, 66 (1st Cir. 2009).

## II.  The Public Interest Favors Denying the Plaintiff's Motion to Enjoin and Stay the Temporary Seasonal Wedge Closure.

As a long-time leader in preventing the risk of Right Whale entanglement, DMF has a strong state interest in, and has for several years advocated for, the Final Rule. Leaving the Wedge seasonally open to lobster and Jonah crab fishing in the winter and spring will not only increase the risk of potentially fatal Right Whale entanglements, but also hinder and burden

---

[2] The same four-part legal standard applies to motions seeking a temporary restraining order and those seeking a preliminary injunction. *See Bourgoin v. Sebelius*, 928 F. Supp.2d 258, 267 (D. Me. 2013).

DMF Right Whale conservation programs and enforcement efforts for the reasons discussed below.[3] Accordingly, the public interest strongly weighs against the Plaintiff's Motion.

### A. DMF has a strong interest in and has devoted significant resources to preventing and mitigating harm from fishing gear entanglement to Right Whales that congregate seasonally in and around Cape Cod Bay.

Right whales are one of the most critically endangered marine mammals on the planet, with about 360 whales remaining globally. *See* Declaration of Daniel J. McKiernan, Director of Massachusetts Division of Marine Fisheries ("McKiernan Decl."), ¶ 2, submitted herewith as Exhibit 1 ("Ex. 1"); 89 Fed. Reg. at 8333. Of those remaining, only approximately 70 are reproductive females, further increasing the species' risk of extinction. McKiernan Decl., ¶ 2; *Cf.* 89 Fed. Reg. at 8333-34. The Right Whale population has been in sharp decline since 2010 as a result, primarily, of mortalities from ship strikes and entanglement in fishing gear, including entanglements in U.S. and Canadian waters. 89 Fed. Reg. at 8333-34. Lobster trap and pot

---

[3] *See* McKiernan Declaration. The Plaintiff has indicated an intent to oppose the Commonwealth's motion to appear as amici curiae and proposed amicus brief supported by the McKiernan Declaration "largely because [the amicus brief] will be a factual brief and this is an APA action on the Administrative Record." *See* Local Rule 7.1(A)(2) certification, *infra.* The facts in the McKiernan Declaration, however, are predominantly cited in the Final Rule and included in the Record. To the extent that the McKiernan Declaration introduces information not cited in the Record, it is offered to demonstrate the public interest—and particular concern to DMF—in denying the extraordinary and drastic relief sought in Plaintiff's Motion, *Peoples Federal Sav. Bank*, 672 F.3d at 8-9, including adverse impacts to DMF's Right Whale conservation programs and enforcement efforts were the Wedge to remain open, as discussed below. Nothing in the McKiernan Declaration is offered to supplement the Record for use in summary judgment briefing on the merits of Plaintiff's claims in this action. Indeed, both the Plaintiff and the Federal Defendants cite extra-record evidence in support of arguments concerning the balance of harms and public interest in granting or denying Plaintiff's Motion. *See* Plaintiff's brief in support of their Motion, Docket 2-1, at 32, apparently referencing their supporting Casoni Declaration, Docket 1-1, Ex. G. (evidencing a *single day* of aerial survey data on January 9, 2024, that found no Right Whales present in *Cape Cod Bay* and, at best, a sliver of the Wedge); *see* Federal Defendants' opposition, Docket 22, at 20, citing the Coogan Declaration, ¶ 4 (noting the dead Right Whale washed ashore on Martha's Vineyard in January, 2024, entangled in lobster trap and pot buoy line consistent with gear licensed by Maine).

fishing gear and other fixed gear rigged with vertical buoy rope pose a significant risk of Right Whale entanglement that can lead to serious injury and mortality. McKiernan Decl., ¶ 5; 89 Fed. Reg. at 8333.

Massachusetts coastal waters, including the narrow Wedge at issue here, have a distinct and unique importance as critical seasonal habitat for Right Whales as part of their migratory pattern. McKiernan Decl., ¶¶ 2, 5. Every winter and spring from early February though late April or early May, large numbers of Right Whales congregate in and around Cape Cod Bay—often passing through the Wedge—to feed on plentiful concentrations of copepod zooplankton. McKiernan Decl., ¶¶ 2, 5; 89 Fed. Reg. at 8335.

Because of this historic and ongoing Right Whale presence off the Massachusetts coast, DMF has been at the forefront of Right Whale protection, including efforts to enhance lobster trap and pot fishing regulatory requirements to prevent and mitigate the risk of harm to Right Whales from entanglement in vertical buoy lines from lobster trap and pot fishing gear. McKiernan Decl., ¶¶ 3, 7. DMF closes Cape Cod Bay and surrounding Massachusetts state waters to lobster trap and pot fishing every year from February 1 through May 15, unless otherwise rescinded prior to or extended beyond May 15 as necessary based on the continuing presence of Right Whales determined by aerial and other dynamic monitoring efforts. *See* 322 Code Mass. Reg. 12.04(2); McKiernan Decl., ¶ 3. Among other efforts, DMF has also banned all vertical buoy rope greater than 3/8-inch diameter in the commercial lobster trap and pot fishery, and, in 2021, enhanced requirements that Massachusetts-licensed fixed gear commercial fishers use weak rope or weak contrivances in vertical buoy rope that readily break away upon contact to prevent entanglements. *See* 322 Code Mass. Reg. 12.06(2)(a) and (b); McKiernan Decl., ¶ 3. DMF also administers a comprehensive right whale monitoring program and a comprehensive

fisheries reporting program. McKiernan Decl., ¶¶ 3, 16. As described below, leaving the Wedge open during the Right Whales' seasonal winter migration off the coast of Massachusetts risks both harming Right Whales and undermining DMF's conservation programs.

**B. For several years, DMF has advocated for and supported seasonal closure of the Wedge because of Right Whale presence and entanglement risk.**

In, 2015, NMFS closed federal waters in the "Massachusetts Restricted Area" to lobster trap and pot fisheries and Jonah crab fixed gear fisheries from February through April. *See* 89 Fed. Reg. at 8334; McKiernan Decl., ¶ 4, and Exhibit A, pp. 1-3. In 2021, DMF expanded the areas of Massachusetts coastal waters closed, by regulation, to lobster trap and pot fishing from February 1 through May 15 beyond Cape Cod Bay, including coastal waters north of Cape Cod Bay. *See* 322 Code Mass. Reg. 12.04(2); McKiernan Decl., ¶ 4, and Exhibit A, pp. 1-3. These corresponding federal and state closures inadvertently created the approximately 200 square mile Wedge—a narrow gap in federal waters left open to lobster and Jonah crab fishing during the Right Whale seasonal migration from February through April. *See* McKiernan Decl., ¶¶ 4, 5 and Exhibit A, pp 1-3; 89 Fed. Reg. at 8334, and Figure 1 at 8336.

DMF has advocated for federal closure of the Wedge to prevent significant risk of entanglement in this intervening area. Because the Wedge lies just north of Cape Cod Bay where Right Whales congregate each winter and spring to feed on abundant zooplankton, ongoing DMF-funded aerial surveys to monitor Right Whale presence in Cape Cod Bay, and migration in and out of Cape Cod Bay, identified a significant presence of Right Whales in the Wedge from February through April in 2021, when the Wedge was open to lobster and Jonah crab fishing. *See* McKiernan Decl., ¶¶ 6, 7, and Exhibit A, pp. 1-3, including Figure 4 (depicting Right Whale sightings in the Wedge and the presence of fixed fishing gear with vertical buoy lines in April and May of 2021, particularly in the southwestern portion of the Wedge near closed state

waters). *See also* 89 Fed. Reg. at 8335, 8340, and Figure 3 at 8338; McKiernan Decl., ¶ 10, and Exhibit B (map depicting Right Whale sightings in and around the Wedge from February 1 to March 31, in 2018 through 2022); McKiernan Decl., ¶ 6, and Exhibit A, Figure 3 (depicting Right Whale sightings in the Wedge and the presence of fixed fishing gear with vertical buoy lines on April 23, 2018).

Following these surveys, DMF, by letter to NMFS dated January 7, 2022, expressed concern for Right Whale entanglement risk should the Wedge remain open to fishing in the winter and spring and urged NMFS to issue regulations to close the Wedge from February through April. *See* McKiernan Decl., ¶ 7, and Exhibit A; 89 Fed. Reg. 8334-35; Record at 05742. In subsequent letters to NMFS dated December 12, 2022, January 4, 2023, and August 22, 2023, DMF continued to express concerns about the risk of Right Whale entanglements should the Wedge be open to lobster and Jonah crab fishing in the winter and spring and again urged NMFS to continue the seasonal Wedge closure, including by issuing a final rule permanently closing the Wedge to lobster and Jonah crab fixed gear fishing from February through April. *See* McKiernan Decl., ¶ 11, and Exhibit C; 89 Fed. Reg. 8335; Record at 05750 (Dec. 12, 2022, DMF letter); ¶ 12, and Exhibit D (Jan. 4, 2023, DMF letter); 89 Fed. Reg. 8335; Record at 05744; and ¶ 15, and Exhibit G; 89 Fed. Reg. 8335; Record at 05758 (Aug. 22, 2023, DMF letter). As next described, DMF continues to be concerned about risk of Right Whale entanglements absent the closure effected by the Final Rule.

**C. Granting the Plaintiff's motion to enjoin and stay the Final Rule would increase the risk of lethal Right Whale entanglements and impede DMF Right Whale conservation and enforcement efforts.**

Keeping the Wedge open to lobster and crab fishing during the limited period of March 8 through April this year—and from February through April in subsequent years—would increase

the risk of Right Whale mortality from entanglement. If the Plaintiff's Motion is granted, use of existing fixed gear fishing with vertical buoy lines would not just continue; it would very likely *increase*. That is so because a substantial number of lobster and Jonah crab fishers are likely to move gear (with vertical buoy lines in the water column) into the Wedge from adjacent Massachusetts waters and surrounding federal waters once closed, even simply for storage, rather than either transport their gear for onshore storage or move to fish in the other open federal waters north of the Wedge. *See* McKiernan Decl., ¶ 8; 89 Fed. Reg. 8334-35. And even those who did move gear offshore would very likely begin aggregating their gear in the Wedge in April in preparation for the opening of surrounding waters. McKiernan Decl., ¶ 6; *Cf.* 89 Fed. Reg. 8334. Thus, leaving the Wedge seasonally open would, very likely, significantly increase the number and density of vertical buoy lines in the Wedge, substantially increasing Right Whale entanglement and mortality risk during their seasonal migration off the Massachusetts coast. *See* McKiernan Decl., ¶¶ 6, 8, 16; 89 Fed. Reg. 8334-35.

Allowing the Wedge to remain open to lobster and Jonah crab fishing from February through April would also adversely impact Commonwealth Right Whale conservation and enforcement efforts in two ways. First, it would impinge DMF-funded aerial surveillance critical for Right Whale sighting and individual whale identification, developing Right Whale population and residency estimates, monitoring the population for health and injury assessments, and managing entanglement and vessel strike risk — all essential components of DMF's Right Whale conservation program. McKiernan Decl., ¶ 16. If the Wedge remains seasonally open, Right Whale aerial surveillance monitoring in Cape Cod Bay and in other Massachusetts coastal waters would need to be diverted to monitor the Wedge from February through April because of the elevated risk of entanglement in the Wedge. *Id*. And if an entanglement is observed in the

Wedge, aerial surveillance efforts would be abandoned in favor of monitoring the entanglement and assisting the on-the-water vessel-based disentanglement team. *Id*. With only so many daylight flight hours and planes available, any diversion would hinder aerial surveillance crucial for DMF's Right Whale conservation efforts in other waters. *Id*.

Second, leaving the Wedge seasonally open to lobster and Jonah crab fishing would burden DMF and other Massachusetts enforcement efforts to monitor compliance with lobster trap and pot vertical buoy line gear marking requirements. Lobster trap and pot fishers licensed only to fish in Massachusetts state waters must identify their buoy line gear with red markings, *see* 322 Code Mass. Reg. 12.06(2)(c), while those licensed to fish in both state and federal waters must identify their buoy lines with both red and green markings. *See* 50 Code of Fed. Reg. 229.32(b). If the Wedge is seasonally open, DMF must increase its enforcement efforts in the Wedge from February through April to make sure that any lobster trap and pot fishers who move their gear into the Wedge once adjacent state waters are closed are properly marked. *See* McKiernan Decl., ¶ 17. This additional enforcement monitoring burden would be critical to avoid gear licensed for both state and federal water lobster fishing but improperly marked with only red, not red and green, becoming entangled on a Right Whale in the Wedge and later being wrongly attributed to an entanglement in Massachusetts state waters. *Id*. Indeed, monitoring and enforcement of compliance with color-coded gear marking requirements is important to assuring success of DMF's Right Whale conservation efforts. *See id*., ¶ 18.

In sum, leaving the Wedge seasonally open to lobster and Jonah crab fishing in the winter and spring would not only increase the risk of fatal Right Whale entanglements, but would also hinder and burden DMF Right Whale conservation programs and enforcement efforts.

## CONCLUSION

For all the foregoing reasons and those stated by the Federal Defendants, DMF supports

the Federal Defendants' opposition to the Plaintiff's Motion to enjoin and stay the Final Rule.

Respectfully submitted,

THE MASSACHUSETTS DIVISION
OF MARINE FISHERIES

By its attorney:

ANDREA JOY CAMPBELL
MASSACHUSETTS ATTORNEY GENERAL

/ s / Matthew Ireland
MATTHEW IRELAND, BBO No. 554868
*Assistant Attorney General*
Environmental Protection Division
JAMES A. SWEENEY, BBO No. 543636
State Trial Counsel
Office of Attorney General
One Ashburton Place, 18th Floor  Boston,
MA 02108-1598
(617) 727-2200
matthew.ireland@mass.gov

## LOCAL RULE 7.1(A)(2) CERTIFICATION

I hereby certify that on February 22, 2024, I conferred by email with counsel for Plaintiff Massachusetts Lobstermen's Association and with counsel for the Federal Defendants. By e-mail on February 22, 2024, counsel for the Federal Defendants indicated that the Federal Defendants would not oppose Commonwealth's motion for leave to appear as amicus curiae in this action. By email on February 23, 2024, counsel for the Plaintiff indicated that the Plaintiff intends to oppose the Commonwealth's motion for leave to appear as amicus curiae in this action and the Commonwealth's proposed amicus brief supported by the McKiernan Decl. "largely because [the amicus brief] will be a factual brief and this is an APA action on the Administrative Record."

 */ s / Matthew Ireland*
Matthew Ireland


## CERTIFICATE OF SERVICE

I, Matthew Ireland, certify that the foregoing brief of the *Massachusetts Division of Marine Fisheries as Amicus Curiae in Support of Defendants' Opposition to the Plaintiff's Motion for a Temporary Restraining Order, Preliminary Injunction, and Stay*, which was filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

 */ s / Matthew Ireland*
Matthew Ireland

# EXHIBIT 1

**Declaration of Daniel J. McKiernan,**

**Director of Massachusetts Division of Marine Fisheries**

**[filed separately]**