```
 1                UNITED STATES DISTRICT COURT

 2                 DISTRICT OF MASSACHUSETTS (Boston)

 3                            No. 1:24-cv-10332-WGY

 4


 5   MASSACHUSETTS LOBSTERMEN'S ASSOCIATION, INC.,
              Plaintiff
 6


 7   vs.


 8


 9   NATIONAL MARINE FISHERIES SERVICE (NMFS), et al,
              Defendants
10


11
                              *********
12


13              For Hearing Before:
              Judge William G. Young
14


15                            TRO/Stay


16
                     United States District Court
17                   District of Massachusetts (Boston)
                     One Courthouse Way
18                   Boston, Massachusetts 02210
                     Thursday, March 7, 2024
19


20                            *******


21


22              REPORTER: RICHARD H. ROMANOW, RPR
                      Official Court Reporter
23                   United States District Court
         One Courthouse Way, Room 5510, Boston, MA 02210
24                      rhrbulldog@aol.com


25
```

```
 1                    A P P E A R A N C E S

 2


 3    DANIEL J. CRAGG, ESQ.
      SAMUEL P. BLATCHLEY, ESQ.
 4       Eckland & Blando
         800 Lumber Exchange Building
 5       10 South Fifth Street
         Minneapolis, MN 55402
 6       (612) 236-0160
         Email: Dcragg@ecklandblando.com
 7       For plaintiff


 8


 9    TAYLOR MAYHALL, ESQ.
      JOHN BRETT GROSKO, ESQ.
10       DOJ-Enrd
         Wildlife and Marine Resources Section
11       Ben Franklin Station, P.O. Box 7611
         Washington, DC 20044-7611
12       (202) 598-3796
         Email: Taylor.mayhall@usdoj.gov
13       For defendants, the United States

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1            P R O C E E D I N G S
 2            (Begins, 10:30 a.m.)
 3            THE CLERK:  Now hearing Civil Matter 24-10332,
 4   Massachusetts Lobstermen's Association vs. National
 5   Marine Fisheries Services, et al.
 6            THE COURT:  Good morning.  Would counsel identify
 7   themselves, and the plaintiffs first.
 8            MR. BLATCHLEY:  Good morning, your Honor, Sam
 9   Blatchley along with my colleague, Daniel Cragg, for the
10   plaintiff, the Massachusetts Lobstermen's Association,
11   Inc., and at counsel table, your Honor, I have a member,
12   Mr. Eric Meschino, who's a lobsterman from Hull,
13   Massachusetts.  Thank you, your Honor.
14            THE COURT:  You're all welcome.
15            MS. MAYHALL:  Good morning, your Honor, my name is
16   Taylor Mayhall, and along with my co-counsel, Brett
17   Grosko, and I also have Agency Counsel Ben Duggan at the
18   table.  We represent the United States in this matter.
19            THE COURT:  And good morning to you both.
20            Preliminarily there are various briefs, amicus
21   curiai, and motions to file such briefs.  Those motions
22   are all allowed, and the receipt of those briefs is
23   acknowledged by the Court with thanks.
24            This is a motion for a preliminary injunction.
25   Pursuant to Federal Rule of Civil Procedure 65(a),
```

1  further proceedings on this motion are combined with
2  trial on the merits.  And so the question for this
3  morning, is when shall that trial take place?
4         In an effort to be helpful, I make the following
5  observations.  These are not rulings or, um,
6  foreshadowing rulings, but I've tried to prepare myself
7  for this hearing, and so it does seem to me that these
8  considerations apply.
9         Well first is the statute here.  And it seems to
10 me we can get to argument about the statute within a few
11 days, next week, the week after, um, and I appreciate --
12 I have it on a thumb drive now, I have not reviewed it,
13 but I have the full administrative record.  I deeply
14 appreciate that.  But there's a statute.
15        At least the preliminary reaction to reading that
16 statute, is if that statute applies, and not the
17 exception, the Lobstermen win.  And I so declare.  The
18 United States can be on to the Court of Appeals in a
19 matter of a few days.
20        They're certainly arguing that the statute is
21 ambiguous.  Maybe it is.  And if it's ambiguous, there
22 comes a second order of analysis, um, the level of
23 deference that I give to the fisheries people in
24 interpreting the statute.  That in turn is a matter now
25 before the Supreme Court of the United States.  So maybe

1  you want to wait, without an injunction, no injunction,
2  until the Supreme Court gives guidance.  And naturally
3  this Court is bound and I will follow that guidance.
4  But maybe you don't, but, um, I am then bound by
5  *Chevron*, if the statute's ambiguous, and I will of
6  course follow it.  That's one issue.
7      Even if we assumed conclusions adverse to the
8  Lobsters on that issue, there's the issue under the
9  Administrative Procedure Act, and that you may want more
10 time to prepare for, that would take me, I think, a
11 little more time to prepare for, and I am amenable to
12 you breaking them out, that is deciding the one -- if
13 the Lobsters win, the case is over, if the Lobsters
14 lose, the case is alive, but an appeal can't be taken.
15 And then we'll get to the second issue and we'll see who
16 prevails.
17     I've probably overspoken.  When do you want to go
18 to trial?  We'll start with the plaintiff.
19     MR. CRAGG:  Well, your Honor, I think because this
20 is an APA case with an administrative record, I think
21 the case could be resolved on summary judgment.
22     THE COURT:  And it may very well be.  I don't mean
23 to foreclose anybody's rights under the rules of civil
24 procedure.  But I've collapsed it now with trial on the
25 merits, so summary judgment is somewhat academic.  In

```
 1   essence what you're saying is -- it's like a case --
 2   what I call a "case-stated," there's really no disputes,
 3   you're entitled to written findings and rulings, I'll
 4   give you a longer time to argue than I normally would on
 5   a motion, and so if you're going down that road, when?
 6           MR. CRAGG:  We could be ready, um, in two weeks,
 7   your Honor.
 8           THE COURT:  How goes the government?
 9           MS. MAYHALL:  Your Honor, we agree that this
10   should be based on summary judgment briefing.  I do want
11   to be clear -- so there were a lot of other claims
12   alleged in this case.  I'm not sure if your Honor is
13   saying that that all would be separate, but there were,
14   I believe, 7 claims alleged in this case, only 3 of
15   which were brought up in this motion.  So we would want
16   the chance for further briefing on all of the claims,
17   not just these three that we had a very short amount of
18   time to deal with.
19           THE COURT:  How about two weeks?
20           MS. MAYHALL:  I think we might need more than two
21   weeks.  Normally we'd do staggered briefing where they
22   would do an opening brief and we would do --
23           THE COURT:  I know, but remember I don't likely do
24   this ploy, "All right, it's a preliminary injunction,
25   we'll have trial on the merits," but they're asking for
```

1   the Court to enter an equitable order.  So maybe the
2   fairest way to do it is 2 weeks for this -- for the
3   three issues that were raised, if anything's left after
4   that, um, a longer period of time.  Does that --  how
5   does that commend itself?
6           MS. MAYHALL:  I guess I just have to clarify.  So
7   would it be two weeks that plaintiff is filing their
8   brief and then we would respond after that?
9           THE COURT:  Why not joint briefs with a right to
10  reply?
11          MS. MAYHALL:  Where we'd -- I'm sorry.  So would
12  we have a right to --
13          THE COURT:  You file a brief, they file a brief,
14  all on the same day or no later than two weeks out.  7
15  days after that, you can file reply briefs.  I would
16  schedule it three weeks and a few days after for oral
17  argument because I'm preparing -- I can read a statute.
18  I can read -- the administrative record is more complex
19  and deserving of a more careful review than I've been
20  able to give it.  The statutory issue, it seems to me,
21  to serve it right up.  Now I express utterly no opinion
22  on that.  But I think two weeks on an agreed-upon
23  record, with 7 days to reply, and a prompt oral hearing
24  thereafter, no equitable relief is going to be granted
25  at all until I've resolved the matter, which will be as

```
 1    fast as I can, and then we'll see where we are.
 2         Are you all right?
 3         MS. MAYHALL:  Do you mind if I confer with my
 4    agency?
 5         THE COURT:  Not at all.
 6         And have I encapsulated what's fair to the
 7    Lobsters?
 8         MR. CRAGG:  I believe so, I guess with one
 9    question, your Honor.
10         THE COURT:  Right.
11         MR. CRAGG:  So your Honor's going to not be
12    dealing with the preliminary injunction today, we're
13    going to have a trial on that, however we also made a
14    motion for a temporary retraining order because the
15    closure's going into effect tomorrow.
16         THE COURT:  I understand.
17         MR. CRAGG:  And so we would ask that the Court
18    rule on the TRO.
19         THE COURT:  I'm not.
20         MR. CRAGG:  Okay.
21         THE COURT:  Do you still want the two weeks or do
22    you want to -- I mean I have time -- not today, but as
23    early as some afternoon next week.
24         MR. CRAGG:  We would take next week, your Honor.
25         THE COURT:  Next week on the three issues that are
```

1  raised here?
2          MR. CRAGG:  Yes.
3          THE COURT:  Don't I have to give them that
4  hearing?  Should I not give them that hearing?
5          MS. MAYHALL:  I'm sorry, so it would be a hearing
6  next week on the Temporary Restraining Order?
7          THE COURT:  No, no, no, it would be a hearing on
8  the merits.  But the key thing on the merits, I mean if
9  I'm off base, don't hesitate to tell me.  If this
10 statutory enactment is clear on its face and it applies
11 to the agency action, I need do no more.  I work for the
12 Congress.  So I say the Congress has declared itself
13 satisfied until some date in the future, as I read the
14 statute, and the exception doesn't apply, I declare
15 that, and, um, if the fisheries loses, you're on your
16 way to the Court of Appeals.  The contrary ruling is
17 it's ambiguous.  Then I would at least give them the
18 chance, say, "Okay, I think this is" -- you want to wait
19 for the Supreme Court to tell us what to do here, or
20 *Chevron* deference, do you want to go forward?"  And
21 they'll answer.  And I'll see what I do.  And then we
22 will see what I do.
23         Now don't anyone take anything from my
24 assumption -- I'm trying just to play it out if the
25 Lobsters win.  If the Lobsters lose in the sense that I

1    think it's ambiguous and then at a later date I think
2    that the exception applies --- not the statute, the
3    regulation is in full force and effect, and they're not
4    done, and so then I have to figure, on a standard of
5    arbitrary and capricious, that's a long road for them to
6    hoe.  But they know that.  But that's my duty.  And we
7    see where we go.
8         Let me just see if plaintiff's counsel understands
9    that.  Have I captured for you where you're at?
10        MR. CRAGG:  Yes, your Honor, we agree with it as
11   the Court has stated it.
12        THE COURT:  Okay.  So because the regulation is
13   going to go into effect and the fastest, in all honesty,
14   that I can work is someday next week, for argument --
15   I'm not saying we'll have a result then, I am saying
16   that I'll be prepared for the statutory argument and the
17   issue of is it ambiguous or not?  I may pause if I think
18   it's ambiguous and say, "Well, so the Lobsters, well now
19   what do you want to do?"  But that seems the fairest way
20   to proceed.
21        You're okay with that?
22        MS. MAYHALL:  So, your Honor, we -- first of all
23   we would need to be briefing this.  So we would disagree
24   to go straight to a hearing on this, we would want to
25   brief because summary judgment is different than the

1    preliminary injunction.  So I understand we'd be going
2    straight to summary judgment.
3           THE COURT:  You're calling it "summary judgment,"
4    we now have trial on the merits.  They're saying, "trial
5    on the merits, you don't need to take any evidence, the
6    statute governs."  I'll set a date next week to hear
7    their argument on that.  I have the power under, um,
8    Rule 16 to proceed without taking evidence, if
9    everything goes their way, on the statutory issue alone,
10   I have the power to do that, and I'm saying "Well let's
11   hear argument on that."  I'm very sensitive to the fact
12   that they've brought a motion for a preliminary
13   injunction, I've combined it with trial on the merits.
14          You people start talking summary judgment, that's
15   a run-up to trial.  We're at trial today.  I haven't got
16   the time to deal with you today, nor would it be fair.
17   I do have the time to commence the trial, which they say
18   they're going to start without any evidence, except what
19   I can take judicial notice of, which is the statute for
20   regulations and the timing of the two, I can take
21   judicial notice of all of that, and I propose to.
22          So we pick a date next week.  Get me what
23   briefing -- you were prepared to oppose the motion for
24   preliminary injunction, it's not like I've added an
25   extra burden.  I've been reading and trying to prepare.

1  So I guess I shouldn't ask you whether you like that,
2  you don't like it, you oppose it.  But that's the order.
3  Ms. Gaudet will suggest a time when we can be heard.
4          (Pause.)
5          THE COURT:  How about the 14th at 2:00?
6          MR. CRAGG:  Works for the plaintiff, your Honor.
7          THE COURT:  I've got an hour then.  An hour should
8  be sufficient.  On my part I should be prepared.  What
9  we're talking about is the statute and the regulations,
10 how they interact?  I'm not going beyond what I can take
11 judicial notice of.  And I believe I can take judicial
12 notice of the existence of the statute, the regulations
13 as they were enacted or not enacted, the sum proceedings
14 in the DC District Court, I can take judicial notice of
15 them, what was represented to that court.
16         Any questions before we recess in this hearing?
17         MR. CRAGG:  No, your Honor.
18         THE COURT:  Questions?
19         MS. MAYHALL:  Just to be clear, this does not
20 cover the other four claims in there?
21         THE COURT:  It does not.  It does not.  Um, it
22 does not.
23         MS. MAYHALL:  And you do not expect us to submit a
24 brief?
25         THE COURT:  I'm not requiring it.  I -- I have

1   been able to, as we've gone along -- the matter is a
2   very interesting one and I've read what has been
3   submitted and I will read anything else submitted.  And
4   in addition, I will try to be fully prepared for
5   argument, which goes about a half an hour a side, which
6   is the time I have.  All right.
7           MR. CRAGG:  Thank you, your Honor.
8           THE COURT:  As a matter of fact we'll say quarter
9   of 2:00, to give a little more time.  The installation
10  of one of my colleague commences at 3:00.  So we'll say
11  quarter of 2:00 to quarter of 3:00.
12          Thank you very much.  We'll recess in this case
13  and we will recall the assessment of damages.
14          MS. MAYHALL:  Your Honor, just one more question?
15          THE COURT:  Yes.
16          MS. MAYHALL:  The closure's supposed to go into
17  effect tomorrow, so that's still allowed?
18          THE COURT:  There's no equitable order at all.
19          MS. MAYHALL:  Thank you, your Honor.
20          (Ends, 10:50 a.m.)
21
22
23
24
25

```
 1                C E R T I F I C A T E
 2
 3
 4        I, RICHARD H. ROMANOW, OFFICIAL COURT REPORTER,
 5   do hereby certify that the foregoing record is a true
 6   and accurate transcription of my stenographic notes
 7   before Judge William G. Young, on Thursday, March 7,
 8   2024, to the best of my skill and ability.
 9
10
11
12   /s/ Richard H. Romanow 03-20-24
     _____
13   RICHARD H. ROMANOW    Date
14
15
16
17
18
19
20
21
22
23
24
25
```